POLEN, J.
Appellant, J.C. Penney Company, Inc. (JCP), appeals the order of the trial court, granting final summary judgment to appel-lee, Dillard’s, with respect to JCP’s claims for damage to its store in Hattiesburg, Mississippi. We find that a genuine issue of material fact exists as to how JCP’s insurer applied its deductible and reverse the order granting summary judgment in favor of Dillard’s.
JCP sued Dillard’s for damage to its store at the Turtle Creek Mall in Hatties-burg, Mississippi, in 2005.[1] The complaint alleged causes of action for trespass, nuisance and negligence after the roof over *797 the Dillard’s store (which was adjacent to the JCP store) collapsed, severing a sprinkler main and causing uncontrolled water flow into the mall and the JCP store. The roof collapsed as a result from weather from Hurricane Katrina.
Dillard’s moved for partial summary judgment, arguing that pursuant to the Turtle Creek Mall Operating Agreement (OA), JCP’s recovery was limited to its insurance deductible. In section 5.8 of the OA, JCP and Dillard’s agreed to release each other from liability from any loss or damage to property covered by the party’s insurance policy. The release applies even if the casualty is caused by the fault or negligence of a party or anyone for whom a party may be responsible. In the release, JCP and Dillard’s expressly reserved the right to bring an action for any “deductible” amount contained in their insurance policies.
The lower court granted partial summary judgment in favor of Dillard’s, finding that in accordance with section 5.8 of the OA, JCP’s damages were limited to the deductible amount contained in its insurance policy. Dillard’s then filed a second motion for partial summary judgment, arguing that JCP could not recover any damages, even if it prevailed on any of its three tort claims against Dillard’s, because JCP had already recovered from its insurer the entire damage amount claimed without any deductible being applied. In support, Dillard’s cited to JCP’s answers to interrogatories, wherein JCP stated that its damages at Turtle Creek Mall were $1,175,998.72, and correspondence from JCP stating that its settlement with its insurer for the Turtle Creek Mall damage was in the identical amount of $1,175,998.72. Based on these facts, Dillard’s argued that JCP had been made whole, and there were no amounts which were not recovered from JCP’s insurer which would be recoverable under the OA. In opposition, JCP argued that the notion that it had been made whole for its Turtle Creek Mall losses was illusory because JCP’s insurer treated Hurricane Katrina-related losses at several covered JCP stores as one “occurrence” for coverage purposes and then unilaterally decided not to prorate the deductible and apply it to each of the stores which experienced covered losses. Instead, the insurer elected to apply the policy’s entire $2.5 million-per-event deductible to one JCP store (the Biloxi, Mississippi store) which suffered damages in excess of that amount. On these facts, JCP argued that it had not been made whole for its losses in Hatties-burg. The lower court agreed with Dillard’s and found that JCP was without damages for which it could recover from Dillard’s under the OA. This appeal followed.
The standard of review of an order granting summary judgment is de novo. Shreffler v. Philippon, 878 So.2d 1280, 1281 (Fla. 4th DCA 2004). “A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law.” Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 821 (Fla. 4th DCA 2002). “All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.” Id.
JCP first argues that the trial court erred in ruling that JCP’s damages are limited to the amount of its deductible pursuant to the OA because under Mississippi law, Dillard’s cannot contractually exculpate itself against breaches of duties imposed by the common law and for torts involving gross negligence. We disagree. In The Kroger Co. v. Chimneyville Proper *798 ties, Ltd., 784 F.Supp. 331 (S.D.Miss.1991), the court upheld an indemnity provision in a commercial lease, covering certain land and property located in a shopping center, because the lease invoked strictly private concerns; did not affect the public interest; provided for the mandatory purchase of insurance as a method of risk allocation; and specifically allocated responsibility between the contracting parties for injuries' sustained by members of the public on the premises. Id. at 349-50. The court found most significant the fact that the lease was a commercial contract, negotiated by sophisticated businessmen, and was not marked by overreaching or unequal bargaining power. Id. Thus, the court held that enforcing the clause would not contravene public policy. Id.
In the case at bar, the parties were sophisticated national retailers, occupying equal bargaining positions, in negotiations for a commercial operating agreement. Pursuant to Kroger, the exculpatory clause is valid and does not contravene public policy. We also disagree with JCP that Dillard’s conduct rose to the level of gross negligence based on Dillard’s own internal memorandum to store managers at the Vero Beach store, issued before the collapse of the roof at that store. We hold that the fact that a different Dillard’s roof in a different store sustained damage in a prior hurricane, and internal memoranda acknowledging the potential for damage due to hurricanes and the need to perform maintenance prior to such storms, is not evidence of gross negligence with respect to the Hattiesburg store.
JCP next argues that the lower court erred in finding that JCP’s insurance recovery for its losses at the Turtle Creek Mall were not subject to a deductible because the insurer, for its own purposes, made a unilateral decision to allocate the entire deductible to a store other than the one at Hattiesburg, rather than apportioning it among the three stores to which the deductible applied. As such, JCP argues that its insurer’s payment to JCP for its losses at Hattiesburg created only a superficial appearance of full compensation. We agree with JCP and hold that a genuine issue of material fact exists as to how the deductible was apportioned and whether the application of the deductible was beyond JCP’s control. We therefore reverse the order of the trial court, granting summary judgment in favor of Dillard’s.

Reversed and Remanded.

GROSS and CONNER, JJ., concur.

. The complaint also sought damages sustained by JCP in connection with its Vero Beach, Florida store, which sustained damages in 2004 in conjunction with Hurricane Frances. The complaint alleged that the Vero Beach damages also arose from the collapse of Dillard’s roof above a sprinkler main. However, this appeal deals solely with JCP's claims for damages to its Hattiesburg, Mississippi store.